13145.   SHEPARD v. ORR et al.

The evidence in behalf of the plaintiff clearly showing that the work of
her husband (for whose death the action was brought) shifted and
necessarily changed the character of the place for safety as it pro-
gressed, and that the dangerous situation was created by the work it-
self, and that he knew of the danger or had better means than the
master of knowing such condition, the trial court did not err in sus-
taining the motion to nonsuit. *Thomas* v. *Georgia Granite Co.*, 140
*Ga.* 459 (79 S. E. 130); *Cowart* v. *Southern Marble Co.*, 144 *Ga.* 254
(87 S. E. 282); *Upchurch* v. *Culpepper*, 17 *Ga. App.* 577 (87 S. E.
834); *Robertson* v. *Merchants & Miners Transportation Co.*, 18 *Ga. App.*
568 (90 S. E. 104).

                    DECIDED JUNE 14, 1922.

Action for damages; from Wilkes superior court — Judge Shurley. November 10, 1921.

*G. N. Bynum, Clement E. Sutton,* for plaintiff.

*King & Anderson, Colley & Colley,* for defendant.

HILL, J. This is an action by a widow for the death of her husband, who was a servant of the defendants. The defendants were manufacturers of brick, and the plaintiff's husband worked in the brick-making plant. The brick kiln, used in connection with other portions of the plant in the manufacture of the brick, was a large enclosed permanent structure. On the day of his death the plaintiff's husband was put to work, with a number of other servants, stacking brick in the kiln. Some of the evidence was to the effect that he was in charge of the work and supervising it. He had been engaged in this work for some time when one of his fellow servants, a few minutes before the accident, warned him of the danger of the brick falling on account of the manner in which they were stacked. No effort was made to correct the defect in the stacking, to which his attention had been called, and the work had proceeded only a few minutes more when the stack of brick, enclosed in the kiln, fell and caught him underneath them, crushing and injuring him and causing his death.

It is not necessary to add anything further to the headnote.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*